UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HAWK TECHNOLOGY SYSTEMS, LLC,

    Plaintiff,

v.                                                   Case No. 6:14-cv-00137-Orl-37KRS

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD. d/b/a UNIVERSAL
STUDIOS ORLANDO,

    Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL SPECIFIC
INFRINGEMENT CONTENTIONS FROM PLAINTIFF
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. ("UCDP"), by and through its undersigned counsel, hereby moves to compel the disclosure of specific infringement contentions by Plaintiff, HAWK TECHNOLOGY SYSTEMS, LLC ("Hawk"), asserting in support thereof as follows:

**I.**     **INTRODUCTION**

This is a case in which Plaintiff Hawk purports to allege patent infringement by Defendant UCDP. This Court's May 13, 2014 Case Management and Scheduling Order in Patent Case (D.E. 27, the "Order") required Hawk to provide, by May 23, 2014, infringement contentions identifying the allegedly infringing instrumentalities. Hawk has failed to do so.

Nowhere in its infringement contentions (Ex. 1 hereto) did Hawk make any effort to identify even one alleged instrumentality "used" by UCDP that Hawk accuses of infringement. Hawk does not point to a single UCDP facility where any alleged infringing equipment exists.

Hawk merely cites to products manufactured by Hikvision (a surveillance system manufacturer) without establishing any connection to UCDP.

UCDP moves the Court for an order compelling Hawk to provide adequate infringement contentions that comply with this Court's Order and apprise UCDP of what Hawk is accusing in this case.

## II. ARGUMENT

Hawk's Complaint (D.E. 1) in this case is threadbare, at best. Hawk alleges, in pertinent part, that "Universal uses a video storage and display system and/or methods that infringe one or more of the claims in the '462 Patent." *Id.* at 5. Unanswered are the questions: "what system (or methods)?", and "where is it?" Hawk's infringement contentions against UCDP do nothing to answer these basic questions, and fail to comply with the Court's Order that sets forth their required content.

The Order requires Hawk in its infringement contentions to "disclose the identity of each accused device" (explained by the Court as referring to "every allegedly infringing device, method, or service"). (D.E. 27 at 2.)

However, in its infringement contentions (Ex. 1 hereto), Hawk fails to identify *any* device located at UCDP's facilities. Hawk's contentions read as a generic accusation of Hikvision by identifying Hikvision products such as the "iVMS-4200 Client Software." Nowhere in its contentions does Hawk identify a single instance in which it alleges that UCDP actually uses such Hikvision software or equipment.

UCDP asked Hawk for more information. Hawk provided a "case study" written by Hikvision, entitled "Hikvision Lands Starring Role at Universal Studios," hereinafter referred to

as the "Hikvision case study."[1] (Ex. 2 hereto.) The Hikvision case study purports to describe some Hikvision equipment being installed on UCDP's property, but it does not refer to or describe any of the equipment or software identified in Hawk's infringement contentions.

Further, the Hikvision case study is wildly inaccurate. For instance, it refers to "the world's biggest McDonald's" "within the complex." Anyone who had performed a reasonable investigation in preparation for filing a lawsuit would have known that this particular McDonald's is not part of Universal—it is located two miles from Universal. Anyone performing a reasonable investigation in preparation for filing a lawsuit would have also contacted Mr. Anthony Dippolito,[2] the individual that the Hikvision case study identifies as doing the work. UCDP tracked down Mr. Dippolito, who confirmed that his company, National Home Security, Inc., never did any work for UCDP.[3]

Notably, Hawk does not include any of the specifics from the Hikvision case study in its infringement contentions. Thus, the problem remains—Hawk's infringement contentions fail to identify a single accused device in any UCDP facility. UCDP respectfully requests that the Court compel Hawk to provide infringement contentions that comply with the Court's Order and identify specific UCDP instrumentalities it accuses of infringement.

Pursuant to Local Rule 3.01(g), prior to the filing of this Motion, counsel for Defendant UCDP conferred with counsel for Plaintiff Hawk in a good faith effort to resolve the issues raised by this Motion, and was advised that Plaintiff objects to the relief requested in this Motion.

Dated: June 12, 2014 /s/Michael J. Beaudine
MICHAEL J. BEAUDINE, Esq.

---

[1] According to the Hikvision website (http://www.hikvision.com/en/us/SuccessStory_list.asp?cid=50012), the Hikvision case study is dated March 4, 2010.
[2] The Hikvision case study misspells Mr. Dippolito's name as Anthony Dittolito.
[3] The Hikvision case study also misidentifies Mr. Dippolito's company as "National Security, Inc."

Florida Bar No. 0772763
beaudine@lseblaw.com
CHRISTINA Y. TAYLOR, Esq.
Florida Bar No. 0057616
ctaylor@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone:  (407) 481-5800
Facsimile:  (407) 481-5801

and

Stephen J. Joncus, Esq.
stephen.joncus@klarquist.com
(admitted *pro hac vice*)
Derrick W. Toddy, Esq.
derrick.toddy@klarquist.com
(admitted *pro hac vice*)
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

*Attorneys for Defendant UCDP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

M. Keith Lipscomb, Esq.
Lipscomb Eisenberg & Baker, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL  33131
E-mail:klipscomb@lebfirm.com

/s/ Michael J. Beaudine
Michael J. Beaudine, Esq.